IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KRISS RAY CAMP,                  §
TDCJ No. 140210,                 §
                                 §
    Plaintiff,                   §
                                 §
v.                               §        2:18-CV-81-D
                                 §
ELIZABETH MCGILL, et al.,        §
                                 §
    Defendants.                  §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE TO DISMISS THE COMPLAINT**

This is a civil rights action brought by KRISS RAY CAMP, a Texas county jail inmate appearing *pro se*, against employees of Tom Green County pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Potter County Detention Center in Amarillo, Texas. Plaintiff has filed an application to proceed *in forma pauperis*. Plaintiff's application to proceed *in forma pauperis* should be denied either because, while incarcerated, plaintiff has filed at least three prior civil actions that were dismissed as frivolous or because plaintiff has failed to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

I.
PETITIONER'S ALLEGATIONS

In support of his complaint, plaintiff presents the following allegations:

1.      defendants created fake trial records from December of 2016 through April of 2017; and

2.     defendants denied plaintiff access to the courts, denied plaintiff his constitutional rights, denied plaintiff due process, and discriminated against plaintiff by filing fake records with the appellate court.

II.

<u>SCREENING</u>

The Prison Litigation Reform Act ("PLRA"), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as

discussed in the findings below, thus, plaintiff is barred from proceeding *in forma pauperis* as he requests.

## III.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1.    A review of PACER reflects that plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

    a.    *Camp v. Smith*, No. 6:98-cv-001 (N.D. Tex.-San Angelo) (dismissed on October 28, 1999 as frivolous – no appeal taken)

    b.    *Camp v. Dobbs*, No. 2:11-cv-140 (N.D. Tex.-Amarillo) (dismissed on January 10, 2012 as frivolous and for failure to state a claim upon which relief can be granted – no appeal taken)

    c.    *Camp v. Potter County, et al.*, No. 2:14-cv-252 (N.D. Tex.-Amarillo) (dismissed on January 21, 2015 as frivolous and for failure to state a claim upon which relief can be granted – appeal taken, judgment affirmed)

2.    Based on the dismissals identified above, plaintiff is barred by the "three-strike" provision of 28 U.S.C. § 1915(g).

3.    Plaintiff does not fall within the narrow exception to 1915(g).

## IV.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the complaint filed by plaintiff KRISS RAY CAMP be DISMISSED as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal should be without prejudice to plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

V.
<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on June 1, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *<u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).